## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

ETHAN LEE PALMER,                     )
                                      )     NO.    1:22-cv-113-CJW-KEM
                    Plaintiff,        )
        vs.                           )
                                      )     DEFENDANTS', BRIAN
BRIAN GARDNER, PETE WILSON,           )     GARDNER AND PETE WILSON,
UNKNOWN NAMED AGENTS OF THE           )     ANSWER TO PLAINTIFF'S
LINN COUNTY SHERIFF'S OFFICE,         )     FIRST AMENDED COMPLAINT
PATRICK REINERT, and UNKNOWN          )
NAMED AGENTS OF THE U.S.              )
MARSHALS SERVICE,                     )
                                      )
                    Defendants.

**COMES NOW,** Assistant Linn County Attorney, Elena Wolford, as attorney for

Defendants, Brian Gardner and Pete Wilson (hereafter "Linn County Defendants") and for

Answer to Plaintiff's First Amended Complaint, filed January 24, 2023 (Doc. 16), states as

follows:

Linn County Defendants incorporate their Answer to Plaintiff's Pro Se Complaint (Doc.

3) as if set forth verbatim herein in response to Footnote 1 (Doc. 16).  For purposes of this

Answer, Defendants Brian Gardner and Pete Wilson will be referred to as "Linn County

Defendants."

### INTRODUCTION

1.      Linn County Defendants deny for lack of knowledge any allegations concerning

operations of the U.S. government, including any matters concerning the federal defendants to

this action set forth in Paragraph 1 of Plaintiff's First Amended Complaint.  Linn County

Defendants admit that Plaintiff was a detainee at the Linn County Correctional Center. Linn County Defendants deny they breached a duty to Plaintiff.

2.      Linn County Defendants deny Paragraph 2 of Plaintiff's First Amended Complaint for lack of knowledge and further state does not require a response from Linn County Defendants.

3.      Linn County Defendants deny Paragraph 3 of Plaintiff's First Amended Complaint for lack of knowledge and further state does not require a response from Linn County Defendants.

4.      Linn County Defendants deny Paragraph 4 of Plaintiff's First Amended Complaint for lack of knowledge and further state does not require a response from Linn County Defendants.

5.      Linn County Defendants deny Paragraph 5 of Plaintiff's First Amended Complaint for lack of knowledge and further state does not require a response from Linn County Defendants.

## PARTIES

6.      Linn County Defendants admit that Plaintiff, Ethan Lee Palmer, is an individual but deny for lack of knowledge the location of Plaintiff's current institution.

7.      Linn County Defendants admit Brian Gardner was the Linn County Sheriff during the relevant times of the First Amended Complaint.

8.      Linn County Defendants admit Pete Wilson was the Linn County Correctional Center Jail Administrator during the relevant times of the First Amended Complaint.

9. Linn County Defendants Gardner and Wilson deny they acted under color of law and further deny the remaining allegations set forth in Paragraph 9 of Plaintiff's First Amended Complaint for lack of knowledge. To the extent that "Unknown Named Agents of the Linn County Sheriff's Office" have not been served they are not represented by the undersigned.

10. Paragraph 10 of Plaintiff's First Amended Complaint makes no specific claims as to Linn County Defendants and can therefore be neither admitted nor denied.

11. Paragraph 10 of Plaintiff's First Amended Complaint makes no specific claims as to Linn County Defendants and can therefore be neither admitted nor denied.

## JURISDICTION AND VENUE

12. Linn County Defendants admit Plaintiff has set forth a claim but deny the allegations set forth in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Linn County Defendants admit Paragraph 13 of Plaintiff's First Amended Complaint.

14. Linn County Defendants admit Paragraph 14 of Plaintiff's First Amended Complaint.

## BACKGROUND

15. Linn County Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's First Amended Complaint for lack of knowledge.

16. Linn County Defendants deny the allegations set forth in Paragraph 16 and its subparagraphs a and b of Plaintiff's First Amended Complaint for lack of knowledge.

17.     Linn County Defendants admit Buehler was a detainee at the Linn County Correctional Center but deny the remaining allegations set forth in Paragraph 17 of Plaintiff's First Amended Complaint for lack of knowledge.

18.     Linn County Defendants admit Palmer was a detainee at the Linn County Correctional Center and came into custody on May 26, 2022, not May 27, 2022, as alleged in the Complaint. Linn County Defendants deny the remaining allegations set forth in Paragraph 18 of Plaintiff's First Amended Complaint for lack of knowledge.

19.     Linn County Defendants deny the allegations set forth in Paragraph 19 of Plaintiff's First Amended Complaint for lack of knowledge.

20.     Linn County Defendants deny the allegations set forth in Paragraph 20 of Plaintiff's First Amended Complaint for lack of knowledge.

21.     Linn County Defendants admit Plaintiff was a detainee at the Linn County Correctional Center on May 27, 2022, however he arrived on May 26, 2022, not May 27, 2022 as set forth in Paragraph 21 of Plaintiff's First Amended Complaint. Linn County Defendants deny the remaining allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint for lack of knowledge.

22.     Linn County Defendants admit Plaintiff was initially placed in a single cell upon intake but deny he was moved into a general population pod an "hour or two later".

23.     Linn County Defendants admit Plaintiff was detained by the United States Marshal. Linn County Defendants admit Plaintiff was eventually placed in population pod with Church and further admit Plaintiff quotes some language from the Linn County Correctional

Center policy. Linn County Defendants deny the remaining allegations, argument and conclusions set forth in Paragraph 23 of Plaintiff's First Amended Complaint.

24.     Linn County Defendants deny the allegations set forth in Paragraph 24 of Plaintiff's First Amended Complaint for lack of knowledge.

25.     Linn County Defendants deny the allegations set forth in Paragraph 25 of Plaintiff's First Amended Complaint for lack of knowledge.

26.     Linn County Defendants deny the allegations set forth in Paragraph 26 of Plaintiff's First Amended Complaint for lack of knowledge.

27.     Linn County Defendants admit the allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint.

28.     Linn County Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's First Amended Complaint for lack of knowledge.

29.     Linn County Defendants admit Palmer alerted Linn County Correctional Center staff with an emergency call button. Linn County Defendants deny the remaining allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint for lack of knowledge.

30.     Linn County Defendants admit the cell was monitored by surveillance and that any and all reports speak for themselves. Linn County Defendants deny the remaining allegations, argument and conclusions set forth in Paragraph 30 of Plaintiff's First Amended Complaint.

31.     Linn County Defendants admit Plaintiff was treated for physical injuries but deny the remaining allegations set forth in Paragraph 31 of Plaintiff's First Amended Complaint for lack of knowledge.

32.     Linn County Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's First Amended Complaint for lack of knowledge.

33.     Linn County Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's First Amended Complaint for lack of knowledge.

34.     Linn County Defendants admit a state investigation was initiated after the assault. Linn County Defendants deny the remaining allegations set forth in Paragraph 34 of Plaintiff's First Amended Complaint for lack of knowledge.

35.     Linn County Defendants deny for lack of knowledge due to lack of specificity and context of the allegations set forth in Paragraph 35 of Plaintiff's First Amended Complaint. Linn County Defendants deny the remaining allegations, argument and conclusions set forth in Paragraph 35 of Plaintiff's First Amended Complaint.

36.     Linn County Defendants deny the allegations set forth in Paragraph 36 of Plaintiff's First Amended Complaint for lack of knowledge.

37.     Linn County Defendants admit the allegations set forth in Paragraph 37 of Plaintiff's First Amended Complaint.

38.     Linn County Defendants admit the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39.     Linn County Defendants admit Plaintiff's attorney emailed Mr. Palmer's entire complaint to Major Sandvick.  Linn County Defendants deny the remaining allegations, argument and conclusions set forth in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     Linn County Defendants admit a January 6, 2023, email contained the quoted language and further clarify that a follow up response on January 13, 2023, to Plaintiff's emailed

6

identical complaint was "The documents will be placed in Mr. Palmer's file and the matter will be placed on pending status pursuant [sic] the outcome of the identical, pending litigation."

41.     Linn County Defendants admit Plaintiff's attorney emailed Major Sandvick requesting to appeal but deny he has exhausted his remedies.

**COUNT I**
**Deliberate Indifference v. the Linn County Defendants**
**42 U.S.C. §1983**

42.     Linn County Defendants replead and incorporate their responses to Paragraphs 1-41 as if set forth verbatim herein.

43.     Linn County Defendants admit Major Pete Wilson was the jail administrator and Brian Gardner was the sheriff of Linn County, Iowa, at the time of Plaintiff's allegations but deny Linn County Defendants acted under color of law.

44.     Linn County Defendants deny the allegations set forth in Paragraph 44 of Plaintiff's First Amended Complaint and deny for lack of knowledge any allegations concerning the Federal Defendants.

45.     Linn County Defendants deny the injuries were inflicted by Linn County Defendants.  Linn County Defendants and further deny the claimed injuries were a direct result of Linn County Defendants' actions.  Linn County Defendants deny for lack of knowledge the specifics of Plaintiff's claimed injuries and treatment, and further deny the remaining allegations set forth in Paragraph 45 for lack of knowledge.

WHEREFORE, Linn County Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety and for such further relief as the Court deems just and equitable.

**COUNT II**
**Deliberate Indifference v. the Federal Defendants**
*Bivens*

46.     Linn County Defendants replead and incorporate their responses to Paragraphs 1-45 as if set forth verbatim herein.

47.     Paragraph 47 makes no specific claims as to the Linn County Defendants and can therefore be neither admitted or denied.

48.     Paragraph 48 makes no specific claims as to the Linn County Defendants and can therefore be neither admitted or denied.

49.     Paragraph 49 makes no specific claims as to the Linn County Defendants and can therefore be neither admitted or denied.

WHEREFORE, Linn County Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety and for such further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

For further answer and by way of affirmative defense, Linn County Defendants state:

1.     All of the facts and doings of Linn County Defendants, as alleged in the Complaint, were undertaken and performed by the Linn County Defendants in their official capacity, and while they were exercising good faith discretionary acts and duties within the scope of their lawful authority; therefore, the Plaintiff is barred from seeking relief from Linn County Defendants for the circumstances described in the Complaint.

2.     At all times and places referred to in the Complaint, Linn County Defendants are entitled to qualified immunity from suit.

8

3.     At all times and places referred to in the Complaint, Linn County Defendants acted reasonably under the circumstances such that their conduct was justified and does not provide a basis for liability. Linn County Defendants' conduct met or exceeded the standard of care in these circumstances.

4.     Linn County Defendants cannot be held liable under the theories of Respondeat Superior or Vicarious Liability.

5.     The doctrines of Res Judicata and Collateral Estoppel bar Plaintiff's recovery against Linn County Defendants.

6.     Plaintiff has failed to exhaust his administrative remedies and is therefore barred from bringing this suit.

7.     To the extent that state law is implicated, Linn County Defendants have state and municipal immunity under Iowa Code 669 and 670. Further, the doctrine of comparative fault, as set forth in Iowa Code Chapter 668, bars or reduces recovery against the Linn County Defendants in this matter.

8.     Linn County Defendants did not know nor should have known that inmates Sills and Church posed a risk of harm to Plaintiff.

9.     To the extent Plaintiff has incurred any harm, Plaintiff failed to mitigate any of the alleged harms claimed.

10.    Plaintiff's Complaint fails to state a claim for which relief may be granted against Linn County Defendants generally and Plaintiff's complaint fails to state a claim for which relief may be granted against the individuals identified as Linn County Defendants.

11.     If Plaintiff was injured and/or damaged as alleged in the Complaint, which is expressly denied, the injuries and/or damages resulted from the willful conduct and/or comparative fault of Plaintiff or others pursuant to Iowa Code Chapter 668 and were not proximately caused by any of the Linn County Defendants.

12.     Plaintiff contributed to or is proximately at fault for the assault and resulting injuries as he failed to inform the Linn County Defendants of the risk posed by inmates Sills and Church.

13.     Punitive damages claims are barred by Iowa Code Sections 670.12 and 670.4(1)(c), 670.4(1)(e).

14.     To the extent Plaintiff has been compensated for his alleged damages and/or injuries by receiving payment from other persons or entities through Medicare, Medicaid, public assistance, insurance or other sources, the Linn County Defendants are entitled to and hereby assert a set off for all funds and services.

15.     Discovery is continuing, and Linn County Defendants herein expressly reserve the right to amend this answer and to raise any other additional affirmative defenses which the evidence and discovery may reveal are warranted.

## JURY DEMAND

Linn County Defendants demand a trial by jury of all issues so triable.

**WHEREFORE**, Linn County Defendants, respectfully request that Plaintiff's Complaint be dismissed in its entirety, and for such further relief as the Court deems just and equitable.

_Elena Wolford_

ELENA WOLFORD AT0009701
ASSISTANT LINN COUNTY ATTORNEY
Linn County Attorney – Civil Division
935 – 2nd Street SW
Cedar Rapids, Iowa  52404-2100
Telephone (319) 892-6340
Facsimile: (319) 892-6346
E-Mail:  Elena.Wolford@linncountyiowa.gov
ATTORNEY FOR DEFENDANT

Original Filed.

Copy to:
Timothy Hill
Jeremiah Junker
Attorneys for Plaintiff

Evelyn S. Yarborough
Attorney for Federal Defendants

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a copy of this document was served upon Plaintiff via first class mail, postage prepaid, to the address set forth on this document and counsel of record, if any, for each party to the action on this 17th day of February, 2023.
By:

☐U.S. Mail          ☐Fax
☐Hand Delivered     ☐Overnight Courier
☐Federal Express    √Other – ECF

_Elena Wolford_